FRANCES FRANKEL, Plaintiff, *v.* CUNEO STORAGE COMPANY, INC., Defendant.

Municipal Court of New York, Borough of Manhattan, Third District, May 21, 1934.

*George Feuerstein,* for the plaintiff.

*Joseph G. Grauer,* for the defendant.

McMAHON, J. On October 26, 1932, plaintiff stored with defendant, a public warehouseman corporation, certain furniture and household effects, and received defendant's regular form of receipt therefor. This receipt, produced by plaintiff upon the trial, was mailed to her at 316 West Ninety-seventh street, which was the address given by her to defendant at the time the property was stored, and to which address certain other property of plaintiff

was moved by the defendant at the same time. Plaintiff agreed to pay three dollars per month storage charges in addition to an agreed charge for cartage and labor.

On December 8, 1932, plaintiff gave defendant an order in writing to move the articles which had been delivered to the West Ninety-seventh street address to defendant's storage warehouse, and agreed to pay one dollar per month additional for this service in addition to moving charges. On December ninth plaintiff called at defendant's warehouse and signed a card designating as a new address, 1552 Minford place, Bronx, in care of Mrs. Frankel, who was her mother-in-law. A receipt covering these articles was mailed to plaintiff at that address and produced by her upon the trial. Plaintiff never paid anything on account of the storage charges or expenses in connection therewith. All of the above facts are undisputed. Thereafter, from January to September, 1933, inclusive, according to defendant's testimony, defendant mailed monthly bills or statements to plaintiff at the said address showing the condition of her account. None of these letters were ever returned to defendant by the post-office, although defendant's address appeared upon the outside of the envelopes. On October 14, 1933, defendant sent by registered mail to that address, 1552 Minford place, a letter addressed to plaintiff. The letter carrier who attempted to deliver this registered letter testified that nobody at that address would sign the receipt therefor, and it was returned to defendant. It was produced and opened for the first time upon the trial of this action and received in evidence. It contained a statement of plaintiff's account, and a printed notice stating, among other things, that the goods stored by plaintiff would be advertised for sale and sold at public auction upon a date specified. Thereafter a notice of sale at public auction of the property stored by plaintiff, together with property stored by others, was published on November sixth and thirteenth in the *Journal of Commerce*, a daily newspaper, published at 63 Park row, New York city. Defendant testified that a copy of this printed notice was also mailed to plaintiff at the Bronx address by regular mail and was never returned to defendant. On November 23, 1933, the date specified in the notice contained in the registered letter and in the published notice, plaintiff's property was sold by a duly licensed auctioneer, bringing ninety-four dollars and fifteen cents, which, after deducting charges and expenses, left a balance of one dollar and fifty-two cents which defendant holds for plaintiff's account.

Plaintiff testified that she never received any notice of this sale, that she visited defendant's place of business in the summer of 1933 and gave a new address where she was then living, asked

them not to sell her furniture, and in December, 1933, after the sale had occurred, tendered to defendant at its place of business the full amount of the charges, and demanded her property. She brings this action for the recovery of her property or the sum of $1,000, the alleged value thereof.

Upon the question of notice I find that on October 14, 1932, defendant gave, by registered letter addressed to the last known place of abode of plaintiff, the person to be notified, the written notice required by section 118 of the General Business Law, which notice complied in all respects with the requirements of that section. The only question in this case in my opinion relates to the advertisement of the sale in the *Journal of Commerce*, a newspaper published in the city and county of New York.

Plaintiff contends that under section 118 of the General Business Law the advertisement of sale should be published in the county of Bronx, where the property was stored and the sale was to be had, and refers to the rule in sales in real estate foreclosures where such is the requirement.

Section 118 of the General Business Law requires that " An advertisement of the sale * * * shall be published once a week for two consecutive weeks in a newspaper published in the place where such sale is to be held." Standing by itself, and applying the analogy of sales under real estate foreclosures, and considering the purposes of the requirement, there is undoubtedly force in the contention that the advertisement should be published in the county where the sale was to be held. However, as regards sales in real estate foreclosures, that the advertisement of sale shall be published in the county where the property is situated is specifically provided by the provisions of sections 1077 *et seq.* of the Civil Practice Act relating thereto, and section 541 of the Real Property Law. On the other hand, with regard to enforcement of liens on personal property, it is provided by section 202 of the Lien Law, in language almost identical with that of section 118 of the General Business Law, that notice of sale " shall be published once a week, for two consecutive weeks, in a newspaper published in the town or city where such sale is to be held."

" The place " referred to in section 118 of the General Business Law may be defined as the " town or city," specified in section 202 of the Lien Law, for the purpose of publication of the advertisement of sale. The notice published in the *Journal of Commerce* was, therefore, in my opinion a proper compliance with the requirement of the law, and the sale of the property stored by plaintiff was in all respects legal.

Judgment for defendant.